The Richmond and Danville Railroad Co. *v.* Davis.

The action being to recover damages for the homicide of the plaintiff's husband, alleged to have been caused by the negligence of the servants of the railroad company in moving an engine against a car upon which he was at work, by which he was thrown from a ladder and injured so that he died, and the evidence being conflicting upon whether his death was caused by the injury so received or by a disease not consequent upon that injury, and the jury having been properly instructed as to the law governing the case, and having found in favor of the plaintiff, and there being sufficient evidence to authorize the verdict, and the court below being satisfied not to disturb it, this court will not interpose to grant a new trial.

October 17, 1890.

Negligence. Verdict. Railroads. Before Judge Van Epps. City court of Atlanta. June term, 1890.

Reported in the decision.

JACKSON & JACKSON, for plaintiff in error.

J. T. GLENN and J. M. SLATON, *contra.*

BLANDFORD, Justice.

The verdict having gone in favor of the plaintiff in the court below, the railroad company (who is the plaintiff in error here) moved the court for a new trial, mainly upon the ground that the verdict was strongly and decidedly against the weight of the evidence and without evidence to support it. The action was brought by the defendant in error to recover damages for the homicide of her husband, whom she alleged was killed by the carelessness and negligence of the servants and agents of the railroad company in moving an engine against a car upon which deceased was at work at the time, by which he was thrown from a ladder and received the injuries from which he died. The court refused the motion for a new trial on the part of the railroad company, and it excepted.

"When doctors disagree, who shall decide?" The law says the jury. When they are sworn and empanelled to try a case, the law says, after they have heard the evidence, they are invested with power to determine all questions growing out of the facts submitted to them, whether they be scientific, metaphysical or technical. The law gives them, or seems to invest them, under such circumstances, with powers to discern, discriminate and determine upon all questions of fact. When thus circumstanced, they could determine whether the cause of the deceased's death was stricture of the œsophagus, and whether this stricture was caused by dyspepsia or on account of certain acids of the stomach, or whether it resulted from certain injuries to the stomach received by the deceased in consequence of a fall caused by the negligence of the servants and agents of the railroad company. The jury could also determine whether the death of plaintiff's husband was from ulceration of the

stomach produced by this injury received from the fall, or whether it was in consequence of disease not attributable to such injury. Under such circumstances, the law seems to leave the jury with the sagacity of Dr. Hornbook to "ken what ails them, their disease, and what will mend it." The case seems to us, from the record, to have been properly submitted to the jury by the court, who fairly stated the issues and contentions of the parties. It appears from reading the charge, that the court properly instructed the jury as to the law governing the same. The evidence in the case was conflicting upon the question of whether the husband of the defendant in error died in consequence of the injury he received from a fall caused by the negligence of the plaintiff in error, or whether the deceased died from disease not consequent upon the injury he thus received. The jury found in favor of the defendant in error, and we cannot say but that they had sufficient evidence to authorize their finding. The court below was satisfied not to disturb their verdict, and under such circumstances this court would rarely interpose to grant a new trial, unless the record showed that the verdict of the jury was the result of some improper influence. And as no such thing is shown by this record, the judgment of the court below refusing to grant a new trial is                                     *Affirmed.*